OPINION
{¶ 1} The following appeal was submitted on the briefs of the parties. Appellant, Adam Cook, appeals from a judgment entry of the Ashtabula County Court of Common Pleas, Juvenile Division, adjudicating him of felonious assault, domestic violence, and being an unruly child. For the reasons that follow, we reverse the judgment of the trial court and remand the matter.
 {¶ 2} On April 21, 2003, a complaint against the seventeen-year-old appellant was filed in the Ashtabula County Court of Common Plea, Juvenile Division. The complaint alleged that appellant, as a minor, committed the following offenses: (1) felonious assault, in violation of R.C. 2903.11(A)(2), which would be a second degree felony if committed by an adult; (2) domestic violence, in violation of R.C. 2919.25(A), which would be a first degree misdemeanor if committed by an adult; and (3) being an unruly child, in violation of R.C. 2151.022(C).
 {¶ 3} The record discloses the following facts. On April 18, 2003, appellant's biological father, Phillip Cook ("Phillip"), reported an incident of felonious assault to the Ashtabula Police Department. Police officers questioned Phillip with respect to the incident and photographed his injuries.
 {¶ 4} The police officers and Phillip returned to his residence to talk with appellant. However, appellant had fled the residence, thereby violating his parole from a previous felony. Following an automobile accident, appellant was arrested and charged with a parole violation, and charged with the counts of the April 21, 2003 complaint. The parties negotiated a settlement regarding the parole violation, and the pending complaint charges proceeded to a trial before a magistrate.
 {¶ 5} Prior to the magistrate trial, appellant obtained representative counsel. However, at no time did the juvenile court appoint appellant a guardian ad litem.
 {¶ 6} An Ashtabula Police Officer, appellant, and Phillip testified at trial. The police officer testified that after Phillip reported the incident, photographs depicting his injuries were taken. The admitted photographs demonstrated a laceration to Phillip's left cheek, a bloody lip, swelling of the left temple, and exuding blood from his left ear. The police officer testified that upon arriving at Phillip's residence, appellant had already fled and the instrument that was used during the assault was missing.
 {¶ 7} Phillip testified that on April 18, 2003, he was returning from the Laundromat. Phillip stated that when he walked into his residence, appellant "blindsided" him by striking him from behind with a pipe or rod. Phillip stated that he realized appellant had hit him when they began to wrestle on the floor. He further testified that during the scuffle appellant was screaming and was furious about Phillip reporting a previous parole violation to a parole officer.
 {¶ 8} Appellant provided contradictory testimony. Appellant testified that Phillip's injuries were incurred while Phillip was at work cutting trees. However, appellant also testified that Phillip was returning from the Laundromat when he first noticed the injuries. Moreover, appellant stated that Phillip had fabricated the alleged incidents because Phillip was mad at him for requesting money for school clothes.
 {¶ 9} Following trial, the magistrate issued a decision adjudicating appellant of felonious assault, domestic violence, and being an unruly child. Specifically, the magistrate found that appellant struck Phillip with a pipe or rod and wrestled with Phillip on the floor. The magistrate determined that appellant was motivated by Phillip relating his poor behavior to his parole officer. Based upon these findings, the magistrate proposed the counts be merged for sentencing purposes. The magistrate recommended that appellant be placed indefinitely in the custody of the Ohio Department of Youth Services ("ODYS") until his twenty-first birthday, with a minimum term of one year.
 {¶ 10} Appellant filed no objections to the magistrate's decision and he failed to supply the juvenile court with a transcript of the trial proceedings. On November 20, 2003, the juvenile court adopted the magistrate's findings. The court also adopted the magistrate's sentence, thereby committing appellant to the custody of the ODYS for a minimum of one-year, with an indefinite term until his twenty-first birthday.
 {¶ 11} From this judgment, appellant filed a timely notice of appeal setting forth the following three assignments of error for our consideration:
 {¶ 12} "[1.] The trial court committed reversible error when it failed to appoint a guardian ad litem in violation of Ohio Revised Code Section 2151.281(A) and Juvenile Rule 4(B).
 {¶ 13} "[2.] The trial court violated [appellant's] right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I when it adjudicated him delinquent of felonious assault when that finding was against the manifest weight of the evidence.
 {¶ 14} "[3.] [Appellant] was denied the effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."
 {¶ 15} Under his first assignment of error, appellant argues that the juvenile court erred by failing to appoint a guardian ad litem pursuant to R.C. 2151.281(A)(2) and Juv. R. 4(B). Specifically, appellant maintains that because a conflict existed between himself and Phillip, the juvenile court was required to appoint a guardian ad litem to protect his best interests.
 {¶ 16} At the outset, we note that appellant failed to object to the absence of an appointed guardian ad litem. Generally, arguments on appeal are deemed waived if they are not presented before the juvenile court. Inre Johnson, 10th Dist. No. 03AP-1264, 2004-Ohio-3866. Nevertheless, despite the failure to object, an appellate court may review the arguments for plain error. Id.
 {¶ 17} R.C. 2151.281(A) and Juv. R. 4(B) requires that a juvenile court appoint a guardian ad litem in certain circumstances. R.C. 2151.281(A) provides as follows:
 {¶ 18} "(A) The court shall appoint a guardian ad litem to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:
 {¶ 19} "(1) The child has no parent, guardian, or legal custodian.
 {¶ 20} "(2) The court finds that there is a conflict between the child and the child's parent, guardian, or legal custodian."
 {¶ 21} Likewise Juv. R. 4(B) states:
 {¶ 22} "The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:
 {¶ 23} "* * *
 {¶ 24} "(2) The interests of the child and the interests of the parent may conflict[.]"
 {¶ 25} The plain and unambiguous language of Juv. R. 4(B)(2) mandates that the possibility that interests "may conflict" is sufficient for the required appointment of a guardian ad litem. (Emphasis added.) In reSappington (1997), 123 Ohio App.3d 448, 453. To this extent, Juv. R. 4(B)(2) differs from R.C. 2151.281(A)(2) which mandates appointment only if the court finds "there is a conflict of interest[.]" (Emphasis added.)Sappington at 453.
 {¶ 26} Nevertheless, because R.C. 2151.281(A) and Juv. R. 4(B) are mandatory, the juvenile court's failure to appoint counsel when these provisions are applicable constitutes reversible error. In re Howell
(1991), 77 Ohio App.3d 80, 92. "[T]he juvenile court is in the best position to weigh the relevant facts in determining whether a potential conflict of interest exists between the parent and the child."Sappington at 453-454, citing Trickey v. Trickey (1952), 158 Ohio St. 9,13. Thus, an abuse of discretion standard applies to the juvenile court's decision to appoint a guardian ad litem. Sappington at 454. The relevant question on appeal is whether the record reveals an actual or potential conflict of interest which required the appointment of a guardian ad litem. Id.
 {¶ 27} The recent case of In re Slider, 160 Ohio App.3d 159,2005-Ohio-1457, is analogous to the case sub judice. In Slider, the juvenile defendant was accused of kidnapping the victim. Id. at ¶ 1. The victim was the daughter of the defendant's legal guardians. Id. at ¶ 3. At a dispositional hearing before a magistrate, the defendant was represented by counsel, but was not appointed a guardian ad litem. Id. at ¶ 15. The defendant did not object to the absence of an appointed guardian ad litem. Id. at ¶ 11. Ultimately, the juvenile court found the defendant guilty of kidnapping. Id. at ¶ 1
 {¶ 28} On appeal, the Fourth Appellate District examined R.C. 2151.281(A)(2) and Juv. R. 4(B), under a plain error analysis, to determine whether a conflict between the legal guardians and the defendant required appointment of a guardian ad litem. Id. at ¶ 8. The Fourth District first noted that the defendant's failure to object does not preclude a reversal based upon the juvenile court's failure to appoint a guardian ad litem. Id. at ¶ 11, citing In re Spradlin (2000),140 Ohio App.3d 402. The Fourth District further determined that "a juvenile's representation by counsel does not render the failure to appoint a guardian ad litem harmless." Slider at ¶ 10, citing In reWilson, 4th Dist. No. 04CA26, 2004-Ohio-7276, at ¶ 19. In doing so, the Fourth District reasoned that, generally speaking, an attorney and guardian ad litem provide distinct and separate services to a juvenile, and that the roles of an attorney and guardian ad litem may conflict.Slider at ¶ 10.
 {¶ 29} Upon reviewing the record, the Fourth District determined there to be a "strong possibility" of a conflict of interest between the defendant and his legal guardians. Id. at ¶ 12. This conclusion was predicated upon the legal guardians providing testimony which was adverse to the defendant and additional actions of the legal guardians which were against the defendant's penal interests. Id. Thus, the Fourth District held that "the trial court abused its discretion when it failed to appoint a guardian ad litem or inquire further into whether a guardian ad litem was necessary." Id. at ¶ 12, citing Spradlin at 407.
 {¶ 30} We agree with the Fourth District's analysis in Slider and will apply this analysis to the instant case. As stated previously, the absence of an objection does not preclude a reversal due to the juvenile court's failure to appoint a guardian ad litem when required under R.C. 2151.281(A)(2) or Juv. R. 4(B)(2).
 {¶ 31} Also, the fact that appellant was appointed counsel does not abrogate the court's duty to appoint a guardian ad litem when necessary. The guardian ad litem's role is to investigate the juvenile's situation and then request that the juvenile court take action in accord with the juvenile's best interests. See, e.g., In re Howard (1997),119 Ohio App.3d 201, 206. On the other hand, the attorney's role is to zealously represent the juvenile within the bounds of the law. See, e.g., In re Dunham (Nov. 7, 1997), 1st Dist. Nos. C-960399 and C-960400, 1997 Ohio App. LEXIS 4878, at 5-6. Thus, appellant's represented status, standing alone, does not obviate the court's responsibility to appoint a guardian ad litem.
 {¶ 32} An examination of the record clearly demonstrates at least the strong possibility of a conflict between appellant and his father, Phillip. See, e.g., Juv. R. 4(B)(2). Numerous Ohio courts have held that a juvenile court's failure to find a conflict and appoint a guardian ad litem when the parent or guardian initiated the delinquency proceedings represented an abuse of discretion. Sappington at 454; In re Spencer
(Dec. 22, 1995) Hamilton App. No. C-950486, unreported; In re Shaw
(Sept. 27, 1996), Fairfield App. No. 95CA78, unreported. Specifically, "[t]he danger where the parent has sought the aid of the court against the child is that the interests of the parent may no longer be consistent with a role that properly protects the child's rights. The parent may have an interest, wholly apart from the child's best interest, in committing the child to another's authority." Sappington at 454.
 {¶ 33} Here, Phillip initiated the complaint against appellant after appellant assaulted him with a pipe or rod. The results of this attack were Phillip's various physical injuries. Phillip's testimony was adverse to appellant's penal interests and established that Phillip believed appellant had violent tendencies and behavioral issues which needed to be corrected. Phillip's actions and testimony clearly demonstrated at least the strong possibility of a conflict of interest.
 {¶ 34} Although Phillip took appropriate and reasonable actions, his conduct should have established to the juvenile court that the likely potential for a conflict was apparent. See, e.g., Slider, Sappington.
Thus, the juvenile court abused its discretion by failing to appoint a guardian ad litem or further inquire into whether a guardian ad litem was necessary. See, e.g., Slider, Sappington; Spradlin.
 {¶ 35} Based upon the foregoing analysis, appellant's first assignment of error is with merit. Appellant's remaining assignments of error have been rendered moot. Accordingly, we hereby reverse the juvenile court's judgment, vacate the adjudication and sentence, and remand this cause for further proceedings consistent with this opinion.
O'Neill, J., Rice, J., concur.