OPINION
{¶ 1} Appellant, Phillip Dennis, appeals from a judgment entry of the Ashtabula Common Pleas Court, Juvenile Division, finding him to be delinquent. On May 31, 2006, Dennis was committed to the Ohio Department of Youth Services. We conclude that a conflict of interest existed between Dennis and his parents and that a guardian ad litem should have been appointed for him. For that reason, we reverse the judgment entry of the trial court. *Page 2 
 {¶ 2} On February 16, 2006, Dennis was charged with receiving stolen property, a violation of R.C. 2913.51 and a fifth-degree felony if committed by an adult. The charge stated that Dennis was in possession of a stolen purse belonging to Saundra McCrosky.
 {¶ 3} An adjudication hearing was held on May 25, 2006. At the hearing Ms. McCrosky, Dennis' parents, and the investigating officer, Officer Janek, testified for the state of Ohio. The trial court found Dennis to be delinquent at the conclusion of the hearing.
 {¶ 4} The trial court then immediately proceeded to a dispositional hearing. After taking testimony from the probation officer, the trial court committed Dennis to the Ohio Department of Youth Services for a minimum of six months and a maximum to age 21.
 {¶ 5} Dennis has timely appealed and raises the following three assignments of error:
 {¶ 6} "[1.] The juvenile court committed reversible error when it failed to appoint a guardian ad litem in violation of R.C. 2151.281(A) and Juv.R. 4(B).
 {¶ 7} "[2.] Phillip Dennis' adjudication and commitment must be reversed and remanded for a new trial because his adjudication is against the manifest weight of the evidence.
 {¶ 8} "[3.] The trial court abused its discretion when it committed Phillip Dennis to the Ohio Department of Youth Services." *Page 3 
 {¶ 9} In the first assignment of error, Dennis argues that a conflict of interest exists between him and his parents and that a guardian ad litem should have been appointed by the trial court.
 {¶ 10} "[A]n abuse of discretion standard applies to the juvenile court's decision to appoint a guardian ad litem. * * * The relevant question on appeal is whether the record reveals an actual or potential conflict of interest which required the appointment of a guardian ad litem."[1]
 {¶ 11} R.C. 2151.281(A) provides, in pertinent part, as follows:
 {¶ 12} "(A) The court shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:
 {¶ 13} "* * *
 {¶ 14} "(2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian."
 {¶ 15} Juv.R. 4(B) provides, in pertinent part, as follows:
 {¶ 16} "(B) Guardian ad litem; when appointed. The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:
 {¶ 17} "* * * *Page 4 
 {¶ 18} "(2) The interests of the child and the interests of the parent may conflict;
 {¶ 19} "* * *
 {¶ 20} "(8) Appointment is otherwise necessary to meet the requirements of a fair hearing."
 {¶ 21} The mandate under Juv.R. 4(B) differs from that of R.C.2151.281(A) in that the juvenile rule requires more broadly that a guardian ad litem be appointed if there is a possibility that interests "`may conflict,'" whereas the statute provides that a guardian ad litem shall be appointed only if the trial court finds that "`there is a conflict of interest.'"[2]
 {¶ 22} On the date of the adjudication hearing, Dennis was 17 years of age.
 {¶ 23} At the hearing, McCrosky testified that her purse was stolen on February 7, 2006.
 {¶ 24} James Dennis, Dennis' father, testified that he found items belonging to McCrosky in Dennis' top dresser drawer in his bedroom on February 13, 2006. He discussed this matter with his wife, Sandra Dennis, the matter was reported to Dennis' probation officer and to the police, and the police responded that day. Additional items belonging to McCrosky were located under Dennis' bed a week later. The police were again contacted concerning these additional items.
 {¶ 25} Officer Janek testified that he had taken a statement from McCrosky on the day she reported her purse was stolen, that he took possession of McCrosky's property from Dennis' parents, and that McCrosky identified those same items as the contents of her purse that was stolen on February 7, 2006. *Page 5 
 {¶ 26} At the conclusion of the adjudication hearing, the trial court made a finding of true as to the delinquency charge of receiving stolen property. The court then immediately proceeded to the dispositional phase of the hearing.
 {¶ 27} Dennis argues that the record clearly reflected that a conflict of interest existed between Dennis and his parents: "[t]he parents initiated contact with juvenile court authorities; they testified against [Dennis]; and they did not want him back in their home." We agree that a conflict of interest existed.
 {¶ 28} "In the context of a delinquency proceeding, a parent's speaking out against the child's penal interest raises a colorable claim of conflict. * * * That colorable claim of conflict requires a `thorough inquiry' by the juvenile court to determine whether a conflict of interest exists such that the court must appoint a guardian ad litem."[3]
 {¶ 29} We note that the record does not reflect that Dennis requested the appointment of a guardian ad litem. However, because the provisions of R.C. 2151.281(A) and Juv.R. 4(B) are mandatory,[4] and the trial court has a duty to "`inquire further into whether a guardian ad litem is necessary,'"[5] we conclude that the juvenile does not need to specifically request the appointment of a guardian ad litem. *Page 6 
 {¶ 30} On a plain error analysis, this court noted that "the [juvenile's] failure to object does not preclude a reversal based upon the juvenile court's failure to appoint a guardian ad litem."[6] In addition, this court has held that "the absence of an objection does not preclude a reversal due to the juvenile court's failure to appoint a guardian ad litem when required under R.C. 2151.281(A)(2) or Juv.R. 4(B)(2)."[7]
 {¶ 31} We further note that, though counsel was appointed to represent Dennis, the role of a guardian ad litem differs from that of counsel. As stated by the Supreme Court of Ohio:
 {¶ 32} "The duty of a lawyer to his client and the duty of a guardian ad litem to his ward are not always identical and, in fact, may conflict. The role of a guardian ad litem is to investigate the ward's situation and then to ask the court to do what the guardian feels is in the ward's best interest. The role of the attorney is to zealously represent his client within the bounds of the law."[8]
 {¶ 33} Further, in a case similar to the instant case, this court has stated that "a juvenile court's failure to find a conflict and appoint a guardian ad litem when the parent or guardian initiated the delinquency proceedings represented an abuse of discretion."[9] Thus, where, as in the instant case, a conflict of interest exists, the trial court has the duty to appoint a guardian ad litem. Failure to do so in this case constituted an abuse of discretion. *Page 7 
 {¶ 34} The first assignment of error has merit.
 {¶ 35} For the reasons stated in the analysis under the first assignment of error, the remaining assignments of error are moot, because this matter is being returned to the trial court for a new adjudicatory hearing.
 {¶ 36} The judgment entry of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
MARY JANE TRAPP, J., concurs,
DIANE V. GRENDELL, J., dissents with Dissenting Opinion.
[1] (Internal citation omitted.) In re Cook, 11th Dist. No. 2003-A-0132, 2005-Ohio-5288, at ¶ 26.
[2] (Emphasis in original.) Id. at ¶ 25. See, also, In re K.B., 8th Dist. No. 87899, 2007-Ohio-396, at ¶ 21.
[3] (Internal citations omitted.) In re Bostwick, 4th Dist. No. 05CA2820, 2005-Ohio-5123, at ¶ 8.
[4] In re Cook at ¶ 26.
[5] Id. at ¶ 29, quoting In re Slider, 160 Ohio App.3d 159,2005-Ohio-1457, at ¶ 12.
[6] In re Cook at ¶ 28.
[7] Id. at ¶ 30.
[8] (Citations omitted.) In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 232.
[9] (Citations omitted.) In re Cook at ¶ 32.