**[Cite as *In re I.N.*, 2011-Ohio-4572.]**

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|   |   |   |
|---|---|---|
| | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| IN RE I.N. | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case No. 2011CA00011 |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court of
                                Common Pleas, Juvenile Division Case No.
                                2009JCV00775

JUDGMENT:                       AFFIRMED

DATE OF JUDGMENT ENTRY:         September 6, 2011

APPEARANCES:

For Father-Appellant:                   For Grandmother-Appellee:

JOHN A. DANKOVICH                       EUGENE O'BYRNE
STARK COUNTY PUBLIC DEFENDER            101 Central Plaza S.
200 W. Tuscarawas St., Suite 200        Suite 500
Canton, OH 44702                        Canton, OH 44702

*Delaney, J.*

{¶1} Father-Appellant J.M. appeals the December 16, 2010 and December 29, 2010 decisions of the Stark County Court of Common Pleas, Juvenile Division to vacate a no contact order involving Father's son. Appellee J.N. is the child's maternal grandmother and legal custodian.

## STATEMENT OF THE FACTS AND CASE

{¶2} On June 22, 2009, the Stark County Department of Job and Family Services ("SCDJFS") filed a complaint alleging I.N. (d.o.b. 10/25/2006) was a neglected and dependent child. Appellant is the biological father of I.N. An emergency shelter care hearing was held and the trial court granted temporary custody of I.N. to Appellee, I.N.'s maternal grandmother. A guardian ad litem was appointed for I.N. On September 1, 2009, I.N. was found to be dependent and Appellee continued to have custody of I.N.

{¶3} SCDJFS filed a Motion for Change of Legal Custody on November 5, 2009. SCDJFS moved that its protective supervision of I.N. be terminated and Appellee be granted legal custody of I.N. The parents agreed to the motion with the following contingency: Appellee was enjoined from I.N. having any contact with K.K., A.K., and S.K.

{¶4} For clarification, we will describe the familial relationship between I.N. and the parties at issue in this case. Appellee is I.N.'s maternal grandmother and the mother of R.N. R.N., I.N.'s uncle, is the father of two children, A.N. and A.N. R.N. is married to S.K. S.K. is the mother of K.K. and A.K.

{¶5} During I.N.'s dependency proceeding, there were allegations of inappropriate sexual behavior by K.K. and A.K. against A.N. and A.N. The allegations

never resulted in any charges against K.K. and A.K. Appellee was permitted to supervise visitation between R.N. and his children at her home, but Appellee's supervision was terminated because R.N. allegedly spoke to his children about the abuse.

{¶6} On July 28, 2010, Appellee filed a motion to vacate the no contact order between I.N. and S.K. and her children. Appellee argued that she would be able to protect I.N. from any potential abuse. She further argued that the no contact order impeded on the family's ability to engage in family functions.

{¶7} A magistrate initially heard the matter. The magistrate denied the motion to vacate the no contact order on August 18, 2010, finding that the matter was private because SCDJFS involvement was terminated. The magistrate further determined it would be inappropriate for a magistrate to vacate the no contact order.

{¶8} Appellee filed objections to the magistrate's decision. In its October 4, 2010 decision, the trial court sustained her objections to the magistrate's decision and set the case for a hearing. There is no record that a guardian ad litem was reappointed for I.N.

{¶9} A hearing was held on January 24, 2011 before a magistrate. Based on the evidence presented, the magistrate issued her decision that the no contact order should remain in place. The magistrate further determined that there was no input from the guardian ad litem for I.N.

{¶10} Appellee filed objections to the magistrate's decision. The trial court reviewed the record and sustained Appellee's objections on December 16, 2011. The trial court vacated the no contact order.

{¶11} Father filed a request for findings of fact and the trial court issued its findings of fact on December 29, 2011. The trial court found that I.N. was appropriately cared for and safeguarded by Appellee. Appellee had complied with the no contact order and obtained permission from her SCDJFS caseworker before deviating from the no contact order for special occasions. Appellee was aware of the allegations about K.K. and A.K. and would supervise I.N.'s interactions with R.N.'s stepchildren.

{¶12} It is from these decisions Father now appeals.

{¶13} Father raises three Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN ALLOWING THE MATTER TO PROCEED WITHOUT THE GAL BEING RE-APPOINTED, NOTIFIED OR PRESENT.

{¶15} "II. THE DECISION VACATING THE NO CONTACT ORDER WAS AN ABUSE OF DISCRETION.

{¶16} "III. THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

**I.**

{¶17} Father argues in his first Assignment of Error that the trial court erred in hearing the motion to vacate the no contact order without involvement of a guardian ad litem for I.N. We disagree.

{¶18} Civ.R. 75(B)(2) authorizes the court to appoint a guardian ad litem ("GAL") "[w]hen it is essential to protect the interests of the child." An abuse of discretion standard applies to the juvenile court's decision to appoint a GAL. *In re Spradlin*, 140 Ohio App.3d 402, 407, 2000-Ohio-2003, 747 N.E.2d 877. On appeal, the relevant question is whether the record reveals an actual or potential conflict of interest which

required the appointment of a GAL.  *Perez v. Angell*, Franklin App. No. 07AP-37, 2007-Ohio-4519, ¶ 13 citing *In re Cook*, Ashtabula App. No. 2003-A-0132, 2005-Ohio-5288, at ¶ 26; see, also, R.C. 2151.281(A)(2) (the court shall appoint a GAL, to protect the interest of the child when the court finds that there is a conflict of interest between the child and the child's parent, guardian or legal custodian); Juv.R. 4(B)(2) and (8) (the court shall appoint a GAL to protect the interests of a child when the interests of the child and the interests of the parent may conflict or appointment is otherwise necessary to meet the requirements of a fair hearing).

{¶19}  A review of the record in this case shows that Father never objected to the lack of a GAL for I.N. during the pendency of these proceedings, therefore he has waived all but plain error.  In civil cases, plain error must be used with utmost caution and applied only "to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse affect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121, 679 N.E.2d 1099, 1997-Ohio-401.

{¶20}  Our review of the record shows there was no plain error in the trial court's failure to appoint a GAL for I.N.  Appellee testified at trial that she had I.N.'s best interests in mind and would protect I.N. from any potential harm from A.K. and K.K.  The SCDJFS caseworker testified that Appellee contacted the department when Appellee had questions about the appropriateness of a decision regarding the care of I.N.  The record does not show any conflict of interest between Appellee and I.N. to warrant the appointment of a GAL to determine the motion to vacate the no contact order.

{¶21} Father's first Assignment of Error is overruled.

**II., III.**

{¶22} We consider Father's second and third Assignments of Error together because they are interrelated. Father argues in his second and third Assignments of Error that the trial court abused its discretion in vacating the no contact order and the decision was against the sufficiency and manifest weight of the evidence. We disagree.

{¶23} This Court addressed a no contact order in relation to parental visitation in *In re Cassidy*, Stark App. No. 2001CA00278, 2002-Ohio-2897. We held:

{¶24} "The decision whether to grant visitation is within the sound discretion of the trial court and the trial court's discretion must be exercised in a manner to best protect the interest of the child. *In re Whaley* (1993), 86 Ohio App.3d 304, 317, 620 N.E.2d 954, citing *Booth v. Booth* (1989), 44 Ohio St.3d 142, 541 N.E.2d 1028. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably."

{¶25} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60; See also, *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the

essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel,* 55 Ohio St.3d at 74, 564 N.E.2d 54.

{¶26} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273:

{¶27} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."

{¶28} The no contact order was established on November 5, 2009 based on allegations that A.K. and K.K. had engaged in inappropriate sexual conduct with their stepsiblings. The record before us is unclear as to what occurred with the children or how the allegations were addressed. There was no claim that I.N. was harmed by A.K. or K.K. or there was the potential of harm, other than that I.N. was similar in age to the children allegedly abused by A.K. and K.K. (T. 40)

{¶29} Appellee moved to vacate the no contact order because it was restricting her ability to have family gatherings with I.N., R.N., and his family. The parties complied with the no contact order while it was in effect. R.N. visited his mother's home by himself. Appellee became concerned of where she could take I.N. because S.K. worked at the local Wal-Mart and A.K. and K.K. attended the local school where another

grandchild of Appellee attended. (T. 9). Appellee testified that she would protect I.N. and would not leave I.N. with A.K. and K.K. knowing of the allegations. (T. 17).

{¶30} Stacy Senff of SCDJFS testified at the hearing that I.N. was bonded to Appellee and that she was an appropriate caregiver. (T. 29). SCDJFS terminated its case when it granted legal custody of I.N. to Appellee.

{¶31} The final witness at the hearing was the GAL for A.N. and A.N. She testified that she did not feel Appellee could protect I.N. because the family had not taken the sexual abuse allegations of A.N. and A.N. seriously. (T. 40). The GAL was concerned that supervision responsibilities for the visitation of R.N. with his children were taken away from Appellee. (T. 40). The GAL has never met Appellee, I.N., A.K., or K.K. (T. 43).

{¶32} The trial court looked at the totality of the evidence and could find "no compelling reason to impose restrictions on Appellee's parenting of I.N. or further action by the state having granted her legal custody and terminating SCDJFS custody." (Judgment Entry, December 29, 2010). On this record, we find the trial court did not abuse its discretion in making such a finding. The decision to vacate the no contact order was supported by the evidence presented at the hearing.

{¶33} The second and third Assignments of Error are overruled.

{¶34} The judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed.

By: Delaney, J.

Farmer, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE

[Cite as *In re I.N.*, 2011-Ohio-4572.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

|                |     |                   |
| -------------- | --- | ----------------- |
|                | :   |                   |
|                | :   |                   |
|                | :   |                   |
|                | :   |                   |
| IN RE I.N.     | :   |                   |
|                | :   |                   |
|                | :   | JUDGMENT ENTRY    |
|                | :   |                   |
|                | :   |                   |
|                | :   |                   |
|                | :   | Case No. 2011CA00011 |
|                | :   |                   |

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE