[Cite as *In re D.P.*, 2023-Ohio-3120.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

IN THE MATTER OF:

D.P., DELINQUENT CHILD

CASE NO. 2023-T-0007

Criminal Appeal from the
Court of Common Pleas,
Juvenile Division

Trial Court No. 2022 JD 00159

## O P I N I O N

Decided: September 5, 2023
Judgment: Affirmed in part, reversed in part, and remanded

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Victoria Ferry*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1}  Appellant, D.P. (D.O.B. 1-17-2007), appeals the order of Trumbull County Court of Common Pleas, Juvenile Division finding him to be a delinquent child.

{¶2}  Appellant has raised two assignments of error. First, he asserts the trial court accepted his plea in violation of Juv.R. 29(D)(1) rendering it not knowing, intelligent, and voluntary. Second, he asserts the trial court erred by failing to appoint a guardian ad litem (GAL) to assist him because there was a conflict of interest between appellant and his parents.

**{¶3}** Having reviewed the record and the applicable caselaw, we reverse the judgment of the trial court in part. The trial court failed to address appellant personally when taking his plea. Instead, the court asked appellant's attorney "does your client want to change his plea?" To which counsel responded affirmatively in violation of Juv.R. 29(D)(1). However, the trial court did not abuse its discretion by failing to appoint a GAL for appellant due to appellant's claimed potential conflict of interest with his parents.

**{¶4}** Therefore, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

## Substantive and Procedural History

**{¶5}** On June 24, 2022, appellant was charged with two counts of delinquency; Count 1: Rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b) and Count 2: Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4).

**{¶6}** On August 31, 2022, the matter proceeded to a plea hearing where the State agreed to dismiss Count 2 in exchange for a plea of true to Count 1. At the plea hearing, the trial court explained appellant's rights and ensured that he understood the consequences of entering a plea of true to one count of Rape.

**{¶7}** After explaining appellant's rights, the trial court addressed trial counsel and asked, "having understood your rights, does your client want to change his plea?" Counsel responded, "It is my understanding after speaking with him but I would like to confirm that he does wish to move forward with a plea of true. Yes, Your Honor, that still remains the case." The trial court accepted the plea solely on counsel's representation and proceeded to sentencing.

2

Case No. 2023-T-0007

{¶8} The court ordered appellant to complete a sex offender treatment program and serve a minimum of one year in the Department of Youth Services with a maximum term until his twenty-first birthday.

{¶9} This Court granted appellant's motion for leave to file a delayed appeal pursuant to App.R. 5(A) and appellant has raised two assignments of error.

**Assignment of Error and Analysis**

{¶10} Appellant's assignments of error state:

{¶11} "[1.] The juvenile court erred in accepting D.P.'s plea as it was not voluntary as required by Juv.R. 29(D)(1). Juv.R. 29."

{¶12} In his first assignment of error, appellant argues that the trial court did not strictly comply with Juv.R. 29(D) because during the plea colloquy, the court did not inquire into whether anyone had made any promises to induce the plea; did not ask if anyone had threatened appellant to induce the plea; whether it was appellant's own decision to enter the plea; and whether appellant changed his plea because the allegation was true. Similarly, appellant argues that the trial court failed to elicit thorough answers from appellant which would ensure the voluntariness of his plea.

{¶13} In addition, appellant argues that the trial court failed to address him directly and that he did not personally enter his admission. Rather, his attorney entered the plea of true, which the trial court accepted.

{¶14} "Juvenile delinquency proceedings must comport with the requirements of due process." *In re Jordan,* 11th Dist. No. 2001–T–0067, 2002–Ohio–2820, ¶ 10, citing *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). Juv.R. 29 sets forth the due

3

process requirements with which a court must comply in taking a plea. *In re R.A.*, 11th Dist. Portage No. 2009-P-0063, 2010-Ohio-3687, ¶ 12. Juv.R. 29(D) provides:

> The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
>
> (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
>
> (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. The court may hear testimony, review documents, or make further inquiry, as it considers appropriate, or it may proceed directly to the action required by division (F) of this rule.

"A rote recitation of the language contained in Juv.R. 29(D) is not necessary. However, the trial court must determine that the juvenile understands the allegations contained in the complaint and the consequences of the admission." *Jordan* at ¶ 10, citing *In re Clark*, 141 Ohio App.3d 55, 59-60, 749 N.E.2d 833 (8th Dist. 2001).

{¶15} "The analysis employed in determining whether a juvenile's admission complies with Juv.R. 29 is similar to that used in determining whether a criminal defendant's guilty plea complies with Crim.R. 11. In other words, the trial court must determine whether the juvenile adequately understood his or her rights and the effect of the admission." *Id.,* citing *In re West,* 128 Ohio App.3d 356, 359, 714 N.E.2d 988 (8th Dist.1998). "The court is not required to give a detailed explanation of each element of the offense brought against a juvenile but must ensure the juvenile has some basic understanding of the charge." *Id.,* citing *In re Flynn*, 101 Ohio App.3d 778, 782, 656 N.E.2d 737 (8th Dist.1995).

{¶16} The court has an affirmative duty to address the juvenile personally and

4

Case No. 2023-T-0007

conduct an on-the-record discussion to determine whether the juvenile is making the admission voluntarily and with an understanding of the nature of the allegations and possible consequences of the admission. *In re R.A.*, 11th Dist. Portage No. 2009-P-0063, 2010-Ohio-3687, ¶ 13. "The admission to the charge may not be communicated through the juvenile's attorney in lieu of the juvenile personally entering the admission." *In re Jordan,* at ¶ 10, citing *In re Beechler,* 115 Ohio App.3d 567, 571, 685 N.E.2d 1257 (4th Dist.1996).

{¶17} In reviewing the procedure on a juvenile's admissions under Juv.R. 29(D), an appellate court conducts a de novo review of the record to ensure compliance with constitutional and procedural safeguards. *Id.* at ¶ 15. Our analytical framework is similar to that which we use to review whether a court in connection with an adult's guilty plea complies with Crim.R. 11. *In re Dawson*, 11th Dist. Trumbull No. 2004-T-0027, 2005-Ohio-2088, ¶ 14.

{¶18} The requirements of Juv.R. 29(D)(2) are constitutional in nature, "including the right to remain silent and the right to confront adverse witnesses." *Id.* at ¶ 15. The trial court must strictly comply with them. *Id.* The other requirements of Juv.R. 29(D)(1) – providing that a trial court must determine that a juvenile is pleading voluntarily and understands the maximum penalty involved before accepting a plea of guilty or no contest – are not constitutionality based; rather they are procedural in nature. *See State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14 (Construing Crim.R. 11); *see State v. Tornstrom*, 11th Dist. No. 2022-P-0025, 2023-Ohio-763, 210 N.E.3d 712, ¶ 44-45. (Construing Crim.R. 11(C)(2)(a)).

5

Case No. 2023-T-0007

**{¶19}** To successfully challenge a trial court's failure to comply with Juv.R. 29(D)(1), an appellant must demonstrate prejudice, unless the trial court completely failed to comply with the applicable portion of the rule. *In re Dawson* at ¶ 14; *See Dangler*, at ¶ 14.

**{¶20}** A "complete failure to comply" with a non-constitutional requirement of Crim.R. 11 occurs when the court makes "no mention" of the requirement. *Dangler* at ¶ 15, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (holding that a failure to mention post-release control where the defendant was subject to a mandatory five years of post-release control was a complete failure to comply with the requirements of Crim.R. 11).

**{¶21}** The essential questions to be answered are simply: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

**{¶22}** First, appellant asserts the court did not inquire into whether his plea was induced through threats or promises, whether it was his own decision to make the plea, whether he entered the plea because the allegations were true, and whether the trial court failed to elicit thorough answers from appellant which would ensure the voluntariness of his plea.

**{¶23}** Appellant is correct that the trial court did not ask these specific questions. However, these challenges raise non-constitutional, procedural requirements regarding the voluntariness of a plea. Appellant has not asserted any prejudice arising from these

6

failures. Although these questions, and answers to them, might help to ensure that a plea is voluntary, they are not explicitly required under Juv.R. 29(D) nor is a rote recitation of Juv.R. 29(D) necessary. The trial court did not completely fail to ensure the voluntariness of the plea. The court addressed appellant personally during the plea hearing. The court asked appellant to tell the court whether he comprehended the nature of the proceedings. The court explained the nature of the allegations against appellant and asked whether he understood the elements of the offense and the effects of his plea. Therefore, appellant has not demonstrated that the trial court completely failed to comply with Juv.R. 29(D)(1).

{¶24} Next, we turn to whether the trial court failed to address appellant personally and whether appellant personally entered his admission. The State has conceded error on this issue and agrees with appellant that the trial court accepted appellant's change of plea through trial counsel rather than appellant himself.

{¶25} We agree. Although the trial court addressed appellant personally throughout the change of plea hearing, trial counsel communicated appellant's change of plea rather than appellant personally entering the admission. Thus, the trial court failed to comply with Juv.R. 29(D). *See In re Jordan,* 2002–Ohio–2820 at ¶ 10.

{¶26} Accordingly, appellant's first assignment of error has merit.

{¶27} "[2.] The surrounding circumstances and the juvenile court's failure to appoint a guardian ad litem inhibited the court's ability to truly determine whether D.P.'s admission was voluntary. R.C. 2151.281(A)(2). Juv.R. 4(B)."

{¶28} In this assignment of error, appellant argues that the trial court erred by not appointing a GAL to protect appellant's interests in entering his plea because he believes there was a conflict between his parents' and his own interests.

7

**{¶29}** Appellant states this conflict was apparent during the plea hearing when the victim's mother addressed the court and said, "I'm scared" of appellant's "parents approaching me violently." The prosecutor said that allegedly there had been issues back and forth between appellant's parents and the victim's mother. The trial court addressed this issue and said that it would not hold the actions of others against appellant, but appellant contends his parents had acted in a way contrary to his best interests and that the trial court erred by not appointing a GAL to represent him.

**{¶30}** R.C. 2151.281 provides:

(A) The court shall appoint a guardian ad litem, subject to rules adopted by the supreme court, to protect the interest of a child in any proceeding concerning an alleged or adjudicated delinquent child or unruly child when either of the following applies:

* * *

(2) The court finds that there is a conflict of interest between the child and the child's parent, guardian, or legal custodian.

**{¶31}** Juv.R. 4(B)(2) requires the court to appoint a GAL to protect the interests of a child in a juvenile proceeding when "[t]he interests of the child and the interests of the parent may conflict."

**{¶32}** The requirements of Juv.R. 4(B) are broader than R.C. 2151.281(A). The juvenile rule requires a GAL be appointed if the interests "of the child and his parents may conflict," while the statute requires that a GAL shall be appointed only if the trial court finds that "there is a conflict of interest." *In re Dennis*, 11th Dist. Ashtabula No. 2006-A-0040, 2007-Ohio-2432, ¶ 21; *In re Cook*, 11th Dist. Ashtabula No. 2003-A-0132, 2005-Ohio-5288, ¶ 25.

8

Case No. 2023-T-0007

{¶33} Both are mandatory and the juvenile court's failure to appoint a GAL in the circumstances described in either Juv.R. 4(B) or R.C. 2151.281(A) constitutes reversible error. *Cook* at ¶ 26. The juvenile court is in the best position to determine whether an actual or potential conflict of interests between the parent and child exists. *Id.*, citing *In re Sappington,* 123 Ohio App.3d 448, 454-454, 704 N.E.2d 339 (2nd Dist.1997). Therefore, we apply an abuse of discretion standard to the juvenile court's decision whether to appoint a GAL. *Id.*

{¶34} "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.' *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-208, ¶ 30, citing *State v. Ferranto*, 112 Ohio St. 667, 676-678, [148 N.E. 362] (1925)." *State v. Raia*, 11th Dist. Portage No. 2013-P-0020, 2014-Ohio-2707, ¶ 9. Stated differently, an abuse of discretion is "the trial court's 'failure to exercise sound, reasonable, and legal decision-making.'" *Id.,* quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary 11 (8th Ed.Rev.2004). "When an appellate court is reviewing a pure issue of law, 'the mere fact that the reviewing court would decide the issue differently is enough to find error[.] * * * By contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Id.,* quoting *Beechler* at ¶ 67.

{¶35} Appellant did not raise the trial court's failure to appoint a GAL below. Therefore, we analyze the issue for plain error. *Id.* at ¶ 28. The standard of review for plain error is the same deferential standard applied for "reviewing ineffective assistance of counsel claims." *State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d

9

306, ¶ 17. "Crim.R. 52(B) affords appellate courts discretion to correct '[p]lain errors or defects affecting substantial rights' notwithstanding the accused's failure to meet his obligation to bring those errors to the attention of the trial court." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22.

**{¶36}** The appellant bears the burden of demonstrating correctable plain error. *Payne*, at ¶ 17. To do so, first, there must be a deviation from the legal rule. *Id.* at ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Second, the error must be plain; that is, an obvious defect in the trial proceedings. *Id.* Third, the error must have affected substantial rights, meaning "'that the trial court's error must have affected the outcome of the trial.'" *Id.*

**{¶37}** Indeed, even then, "an appellate court is not required to correct [the error] * * *." *Id.* at ¶ 23. Courts are cautioned "to notice plain error 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *Barnes*, at 27, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

**{¶38}** Our review of the sentencing hearing does not demonstrate even a potential conflict of interest between appellant and his parents. The trial court, aware of the parents' actions, addressed the parents and guardians in the courtroom, admonishing them that "if I have anyone before me that's violating anything and I do have jurisdiction over it, I will act accordingly." Further, the trial court stressed that appellant would not be punished for the actions of others. Thus, it is in no sense obvious that the court deviated from a legal rule.

10

{¶39} The trial court did not fail to exercise sound, reasonable, legal decision-making.

{¶40} Accordingly, appellant's second assignment of error is without merit.

{¶41} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed in part, reversed in part, and the matter remanded.

EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2023-T-0007