[Cite as *State v. Tornstrom*, 2023-Ohio-763.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2022-P-0025** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| BRENT G. TORNSTROM, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00929 |

**O P I N I O N**

Decided: March 13, 2023
Judgment: Affirmed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Mark H. Ludwig*, Law Office of Mark H. Ludwig, LLC, 344 Stouffer Road, Fairlawn, OH 44333 (For Defendant-Appellant).

JOHN J. EKLUND, P.J.

{¶1} Appellant, Brent Tornstrom, entered a guilty plea to Thirteen Counts of Pandering Sexually Oriented Matter Involving a Minor. He pled guilty to ten second-degree felony counts, in violation of R.C. 2907.332(A)(1) and three fourth-degree felony counts of Pandering Sexually Oriented Matter Involving a Minor, in violation of R.C. 2907.332(A)(5).

{¶2} Appellant has raised four assignments of error asserting: (1) R.C. 2967.271, the Reagan Tokes indefinite sentencing law, is unconstitutional; (2) trial counsel was ineffective by failing to object to the imposition of an indefinite sentence and by failing to

identify a defect in appellant's fourth-degree felony indictments; (3) that the trial court failed to notify appellant of his rights prior to taking his plea; and (4) the trial court failed to provide statutorily required Reagan Tokes notices during sentencing and that appellant was subjected to an inconsistent and disparate sentence.

{¶3} After review of the record and the applicable caselaw, we affirm appellant's sentence as modified by this opinion. Appellant's assignment of error challenging the Reagan Tokes Act is without merit, appellant suffered no prejudice from trial counsel's failure to object, the trial court adequately advised appellant of his rights prior to taking his guilty plea, and finally, appellant has not demonstrated sentencing errors.

{¶4} However, the trial court's sentencing entry incorrectly stated that only one of appellant's convictions was a qualifying offense under the Reagan Tokes Act, which requires modification.

{¶5} Therefore, we affirm the judgment of the Portage County Court of Common Pleas and remand with instructions that appellant's sentence be modified to reflect that each of his second-degree felony convictions is a qualifying offense under the Reagan Tokes Act and that an indefinite sentence has been imposed as to Count One.

### Substantive and Procedural History

{¶6} On September 24, 2021, appellant was indicted on Twenty Counts of Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.332. Counts One through Ten were second-degree felonies in violation of R.C. 2907.332(A)(1) and Counts Eleven through Twenty were charged as fourth-degree felonies in violation of R.C. 2907.332(A)(5).

2

{¶7} In February 2022, pursuant to a plea agreement, appellant entered a plea of guilty to ten second-degree felony counts and three fourth-degree felony counts. The remaining seven fourth-degree felony counts were dismissed.

{¶8} At the plea hearing, the court determined that appellant understood that each of the second-degree felony counts were subject to indefinite sentencing under the Reagan Tokes Act and that an indefinite sentence could only be imposed on one count.

{¶9} On April 18, appellant's sentencing hearing was held. At the hearing, the trial court noted several errors in the presentence investigation (PSI) including that it incorrectly identified the fourth-degree felony counts as second-degree felonies. Appellant had one prior conviction for an OVI offense.

{¶10} The PSI indicated that appellant uploaded 10 files containing child sexual abuse material including male and female victims ranging from approximately 5 and 13 years old being raped anally, vaginally, and orally, and including masturbation. Appellant's PSI statement indicated that he believed the material was "Just fantasy and Pretend. I did not realize How severe it was, But I do now." He said he made the biggest mistake of his life.

{¶11} The court heard statements from appellant's attorney, his mother, the State, and appellant. Appellant reiterated that he did not believe the images he was seeing were real and felt "horrible for those victims that this happened." The court told appellant that this is not a victimless crime and said, "If no one watched these, it wouldn't be done." Appellant responded, "I never want to put myself in that situation ever again" and the court replied, "Well, you won't for quite a while."

3

{¶12} The court then said that it must consider the principles of sentencing and that it had "taken into consideration the need to incapacitate the Defendant, deterring the Defendant and others from future crimes of this nature, and rehabilitating the Defendant, making restitution to the public or the victim. Weighing all the factors, a prison term is consistent with the purpose and principles of sentencing. And the Defendant is not amenable to community control sanctions."

{¶13} The trial court sentenced appellant to an indefinite prison term of eight to twelve years on Count One. The court sentenced appellant to four years on the remaining second-degree felony counts, "all to run concurrent with Count One." The court sentenced appellant to 18 months on the three fourth-degree felony counts "to run concurrent with one another and concurrent with Count One."

{¶14} Appellant timely appealed raising four assignments of error.

## Assignments of Error and Analysis

{¶15} "[1.] As amended By The Reagan Tokes Act The Revised Code's Indefinite Sentencing Scheme For A Second-Degree Qualifying offense Violates The United States And Ohio Constitutions."

{¶16} In this assignment of error, appellant challenges the constitutionality of R.C. 2967.271, the Reagan Tokes Law. Appellant did not object to the imposition of an indefinite sentence at the trial court. However, based on this District's recent holdings in *State v. Reffitt*, 11th Dist. Lake Case No. 2021-L-129, 2022-Ohio-3371, and *State v. Joyce*, 11th Dist. Lake Case No. 2021-L-006, 2022-Ohio-3370, this Court has previously overruled the challenges that appellant advances against the constitutionality of the Reagan Tokes Law.

4

{¶17} At oral arguments, appellant argued that his challenge to the Reagan Tokes Law was not a facial challenge as addressed in *Reffitt* and *Joyce*. However, he did not articulate a specific as-applied harm that he has suffered that any person sentenced under the Reagan Tokes Law would not suffer. An as-applied challenge must allege that the "'application of the statute in the particular context * * * would be unconstitutional. The practical effect of holding a statute unconstitutional "as applied" is to prevent its future application in a similar context, but not to render it utterly inoperative.'" *Yajnik v. Akron Dept. of Health, Housing Div.,* 101 Ohio St.3d 106, 2004-Ohio-357, 802 N.E.2d 632, ¶ 14, quoting *Ada v. Guam Soc. of Obstetricians & Gynecologists,* 506 U.S. 1011, 113 S.Ct. 633, 121 L.Ed.2d 564 (1992) (Scalia, J., dissenting).

{¶18} In addition, *Reffitt* and *Joyce* concluded that as-applied challenges to the Reagan Tokes Law were not ripe for review where only hypothetical harm might result. *Reffitt* at ¶ 68; *Joyce* at ¶ 40. In those cases, arguments relating to procedural safeguards of hearings to rebut the presumption of release were not ripe because they constituted as-applied challenges not yet applied to the defendants. *Id.* The same logic applies to appellant because he cannot yet demonstrate that an as-applied constitutional challenge is ripe for review. *See State v. Moran*, 11th Dist. No. 2020-L-114, 2022-Ohio-3610, 198 N.E.3d 922, ¶ 39.

{¶19} Thus, to the extent that appellant has asserted an as-applied challenge to the Reagan Tokes Law, he has failed to demonstrate how such a claim is ripe for review.

{¶20} Accordingly, appellant's first assignment of error is without merit.

{¶21} "[2.] Appellant was denied effective assistance of counsel."

5

{¶22} Appellant argues trial counsel was ineffective for two reasons. First, counsel failed to object to the imposition of an indefinite sentence under the Reagan Tokes Law. Second, appellant argues he was prejudiced by trial counsel's failure to object to a defect in the fourth-degree felony indictments.

{¶23} In reviewing an ineffective assistance of counsel claim, the standard we apply is "'whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *State v. Story*, 11th Dist. Ashtabula No. 2006-A-0085, 2007-Ohio-4959, ¶ 49, quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An appellant must demonstrate (1) his counsel was deficient in some aspect of his representation, and (2) there is a reasonable probability, were it not for counsel's errors, the result of the proceedings would have been different. *Strickland,* at 669. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* A failure to "satisfy one prong of the Strickland test negates a court's need to consider the other." *State v. Madrigal*, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland*, at 697.

{¶24} An appellant "must be able to demonstrate that the attorney made errors so serious that he or she was not functioning as 'counsel' as guaranteed by the Sixth Amendment, and that he was prejudiced by the deficient performance." *Story,* at ¶ 49, quoting *State v. Batich*, 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 42. Ohio courts presume that every properly licensed attorney is competent, and therefore a defendant bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). "Counsel's performance will not be deemed ineffective unless and until

6

counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). "Debatable trial tactics generally do not constitute a deprivation of effective counsel." *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995). "Failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial." *State v. Henderson*, 8th Dist. Cuyahoga No. 88185, 2007–Ohio–2372, at ¶ 42.

**{¶25}** Turning to the Reagan Tokes issue, as addressed above, we have previously held that the Reagan Tokes law is constitutional. *See State v. Reffitt*, 2022-Ohio-3371, and *State v. Joyce*, 2022-Ohio-3370**.** "Because we have found R.C. 2967.271 to be constitutional, Appellant has not demonstrated prejudice from counsel's failure to raise the claim in the trial court." *State v. Dixon,* 11th Dist. Portage No. 2021-P-0114, 2022-Ohio-4158, ¶ 53, quoting *State v. Maddox,* 6th Dist. Lucas, No. L-19-1253, 2022-Ohio-1350 ¶ 11; *accord State v. Williams*, 5th Dist. Coshocton No. 2021CA0003, 2022-Ohio-2002, ¶ 15; *State v. Leamman*, 2nd Dist. Champaign No. 2021-CA-30, 2022-Ohio-2057, ¶ 14; *State v. Philpot*, 8th Dist. Cuyahoga No. 110828, 2022-Ohio-1499, ¶ 33 (all holding R.C. 2967.271 constitutional and therefore finding no demonstration of prejudice).

**{¶26}** Next, we address appellant's argument that the fourth-degree felony counts of his indictment were defective. Appellant pled guilty to these counts and did not object to the indictments. A failure to "timely object to a defect in an indictment constitutes a waiver of the error." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, ¶ 46; Crim.R. 12(C)(2).

7

{¶27} The fourth-degree felony indictments against appellant each state that appellant "did: Knowingly solicit, receive, purchase, exchange, possess or control any material that shows a minor participating or engaging in sexual activity, masturbation or bestiality." This language tracks with Division (A)(5) of R.C. 2907.332(A)(5). However, the indictment does not contain any language referencing Division (A) itself. By contrast, each of the second-degree felony indictments under section (A)(1) state that appellant acted "With knowledge of the character of the material or performance * * *." This language tracks with R.C. 2907.332(A) which states: "No person, with knowledge of the character of the material or performance involved, shall do any of the following:"

{¶28} Article I, Section 10 of the Ohio Constitution and the Sixth Amendment to the Unites States Constitution require an indictment to contain the elements of the charged offense and to fairly inform a defendant of the charge to be defended. *State v. Troisi*, Slip Opinion No. 2022-Ohio-3582, ¶ 22.

{¶29} An indictment may state in ordinary and concise language words that are "sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged." *Id.* at ¶ 23, citing Crim.R. 7(B).

{¶30} A defective indictment renders a charge voidable rather than void. *State v. Snowden*, 11th Dist. Trumbull No. 2021-T-0008, 2021-Ohio-2885, ¶ 14, *appeal not allowed*, 165 Ohio St.3d 1480, 2021-Ohio-4289, 177 N.E.3d 1000, citing *State v. Patterson,* 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 13. An indictment is void if it sets forth facts which "in no conceivable form can constitute a criminal offense" or where the court issuing the process had no jurisdiction over the offense or person charged

8

with the offense. *Id.* at ¶ 16, citing *Brinkman v. Drolesbaugh*, 97 Ohio St. 171, 119 N.E. 451 (1918), syllabus.

**{¶31}** However, an indictment is voidable where there has been "a bona fide attempt * * * to charge a possible offense under the statute, but by reason of some defect or irregularity such charge is per se insufficient in law." *Id.*

**{¶32}** Under Crim.R. 7(D), a trial court may amend an indictment "at any time * * * in respect to any defect, imperfection, or omission in form or substance, * * * provided no change is made in the name or identify of the crime charged." The state "'may cure a defective indictment by amendment, even if the original indictment omits an essential element of the offense with which the defendant is charged.'" *Troisi*, *supra,* at ¶ 25, quoting *State v. Pepka*, 125 Ohio St.3d 124, 2010-Ohio-1045, 926 N.E.2d 611, ¶ 15; *State v. Horner*, 126 Ohio St.3d 466, at ¶ 9. Where an indictment fails to state the mens rea of a crime, the indictment may nevertheless be amended to add the mens rea where "both before and after the amendment of the indictment, the name of the crime remain[s] the same" and neither penalty nor the degree are changed as a result. *State v. O'Brien*, 30 Ohio St.3d 122, 126, 508 N.E.2d 144 (1987).

**{¶33}** We agree with appellant that the fourth-degree felony indictments under subsection R.C. 2907.332(A)(5) were defective for failing to allege an essential element of the offense. *See* Crim.R. 7(B). However, the State's indictment represented a bona fide attempt to charge a possible offense under R.C. 2907.332(A)(5). Although the indictment was indeed defective for failing to contain an essential element, that defect was curable under Crim.R. 7(D). The name, penalty, and degree of the offense would remain unchanged. In this case, appellant cannot demonstrate he was prejudiced by trial

9

counsel's failure to object to the flaw in the indictment. Had counsel done so, "it is highly likely that the state, in being informed of the oversight, would have sought to amend the indictment under Crim.R. 7(D)." *State v. Batich,* 11th Dist. Ashtabula No. 2006-A-0031, 2007-Ohio-2305, ¶ 44.

**{¶34}** Accordingly, appellant's second assignment of error is without merit.

**{¶35}** "[3.] Appellant was not adequately advised of his rights on taking his guilty plea."

**{¶36}** Appellant asserts several arguments under his third assignment of error.

**{¶37}** First, he argues that the trial court erred by telling him that a guilty plea waived his right to appeal "any issue that might have been brought up at trial," while not also informing appellant that he nevertheless retained the right to appeal aspects of his plea or the sentence imposed.

**{¶38}** Second, appellant argues the trial court erred by asking appellant: if he was "fully advised" by trial counsel; by asking if appellant if he had reviewed the written plea form "thoroughly;" and that the court told appellant "I know" trial counsel "has gone over your rights with you, you've gone over them" before asking if appellant had any questions about the constitutional rights he was giving up. Appellant argues these questions could not have satisfied the trial court's duty to determine he was entering his plea knowingly.

**{¶39}** Third, he argues that his plea was not made knowingly, intelligently, and voluntarily because he entered his plea without having knowledge that the Reagan Tokes Law was unconstitutional and that his trial counsel was providing ineffective assistance by failing to object. Appellant also argues that the trial court erred by failing to tell appellant

10

Case No. 2022-P-0025

which of the ten second degree felony counts was the qualifying count under the Reagan Tokes Law.

{¶40} A guilty plea must be made knowingly, intelligently, and voluntarily. *State v. Wasilewski,* 11th Dist. Portage No. 2020-P-0025, 2020-Ohio-5141, ¶ 20, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Id.*

{¶41} In reviewing whether a guilty plea was entered knowingly, intelligently, and voluntarily, an appellate court conducts a de novo review of the record to ensure compliance with constitutional and procedural safeguards. *State v. Siler*, 11th Dist. Ashtabula No. 2010-A-0025, 2011-Ohio 2326, ¶ 12, quoting *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio 7064, ¶ 48. Those constitutional and procedural safeguards are designed to ensure that a trial court determine whether a plea is entered knowingly, intelligently, and voluntarily by explaining the Constitutional and other rights and the consequences of waiving them.

{¶42} Crim.R. 11(C)(2) requires the trial court to inform the defendant of these rights before accepting a guilty or no contest plea, and to determine that the defendant understands them as well as other aspects of the proceedings. The rule provides in pertinent part:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
>> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges

11

and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶43} Crim.R. 11(C)(2)(c) sets forth the constitutional rights a court must inform a defendant of, and which are waived when entering a guilty or no contest plea. *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 14.

{¶44} Crim.R. 11(C)(2)(a) provides that a trial court must determine that a defendant is pleading voluntarily and understands the maximum penalty involved before accepting a plea of guilty or no contest.

{¶45} When challenging a trial court's failure to address non-constitutional Crim.R. 11(C) requirements, a defendant must demonstrate either prejudice or that the trial court completely failed to comply with the applicable portion of Crim.R. 11(C). *Id.* at 14-15. To show prejudice, under Crim.R. 11(C)(2)(a) a defendant must demonstrate that the plea would not have been entered "but for the trial court's failure to explain the sex-offender-classification scheme more thoroughly." *Id.* at ¶ 23.

{¶46} A "complete failure to comply" with a non-constitutional requirement of Crim.R. 11 occurs when the court makes "no mention" of the requirement. *Id.* at ¶ 15,

12

citing *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22 (holding that a failure to mention postrelease control where the defendant was subject to a mandatory five years of postrelease control was a complete failure to comply with the requirements of Crim.R. 11).

{¶47} The essential questions to be answered are simply: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

{¶48} First, appellant's argument that the trial court failed to inform him of his appellate rights at his plea hearing is misplaced but does allude to an important trial court responsibility at sentencing. Although a trial court has an "obligation to advise a defendant of his right to appeal" that obligation only "becomes operative 'after imposing sentence,' and has no bearing on the validity of a guilty plea." *State v. Nicholas,* 11th Dist. Portage No. 2009-P-0049, 2010-Ohio-1451, ¶ 26, quoting *State v. Atkinson*, 9th Dist. Medina No. 05CA0079-M, 2006-Ohio-5806, ¶ 22.

{¶49} Crim.R. 32(B)(2) provides: "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."

{¶50} Crim.R. 32(B)(3) provides:

If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

13

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary for an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

**{¶51}** The trial court did not inform appellant of his right to appeal at the sentencing hearing or in its judgment entry of sentence. Therefore, the trial court erred in failing to comply with the requirements of Crim.R. 32(B)(2). We urge trial courts to fully inform all criminal defendants of their right to appeal upon imposition of sentence.

**{¶52}** However, appellant timely filed the instant appeal. Regardless of whether the trial court committed error by failing to inform appellant of his appellate rights, he has failed to demonstrate how that failure has prejudiced him. We find no reversible error in this instance. *See State v. Middleton*, 12th Dist. Preble No. CA2004-01-003, 2005-Ohio-681, ¶ 25 (Finding no reversible error where appellant failed to show prejudice from trial court's error with regard to Crim.R. 32(B)(2) and (3).

**{¶53}** Second, we address appellant's argument that the trial court erred by asking appellant questions that could not have satisfied the trial court's duty to determine he was entering his plea knowingly.

**{¶54}** Appellant does not point to any particular portion of Crim.R. 11(C) with which the trial court failed to comply. Appellant has not asserted that the trial court failed to advise him of any constitutional or nonconstitutional requirement of Crim.R. 11. App.R. 16(A)(7) requires an appellant's brief to provide "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the

14

reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." "It is not an appellate court's duty to guess the arguments of an appellant." *Dennis v. Nickajack Farms, Ltd.,* 11th Dist. Geauga No. 2014–G–3188, 2014-Ohio-5468, ¶ 6.

**{¶55}** Third, we address appellant's argument that the trial court did not properly inform him of his rights under the Reagan Tokes Law. Specifically, appellant asserts that the trial court's explanation of his maximum sentence under the Reagan Tokes Law was "a complete abandonment of judicial power at the legislature's direction. And why does blaming 'our appeals court' for 'having to go over this word for word' excuse or actually help 'explain' anything? [Other than mean culpa and the rejected Nuremberg defense of 'I'm just following orders']." (Brackets sic). Appellant further contends that the trial court failed to inform appellant which of the ten second-degree felony counts was the qualifying offense under the Reagan Tokes Law.

**{¶56}** To the extent that appellant's argument under this assignment is an additional challenge of the Reagan Tokes Law, we overrule those arguments as if they were raised under his first assignment of error.

**{¶57}** Next, at the plea hearing, the trial court informed appellant "each of the" second-degree felony "counts may bring with them up to a two to eight year prison term, up to an indefinite 12 years in prison." Later in the plea hearing, the court said "when I'm sentencing, only one of the felonies of the second-degree can be picked as a qualifying count, which may be up to an indefinite sentence of 12 years. Do you understand that?"

**{¶58}** This was an incorrect statement of law. As addressed further under assignment of error four, pursuant to R.C. 2929.144(A), each of the second-degree felony

15

Case No. 2022-P-0025

was a qualifying offense. R.C. 2929.144(C) provides that each of appellant's second-degree felony counts were qualifying offenses subject to a minimum term to be imposed under R.C. 2929.14(A)(2)(a) and a maximum term determined by R.C. 2929.144(B).

**{¶59}** Crim.R. 11(C)(2)(a) provides that a trial court must determine that a defendant is pleading voluntarily and understands the maximum penalty involved before accepting a plea of guilty. When challenging a trial court's failure to address non-constitutional Crim.R. 11(C) requirements, a defendant must demonstrate either prejudice or that the trial court completely failed to comply with the applicable portion of Crim.R. 11(C). *Dangler,* 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 14-15.

**{¶60}** Here, the trial court did not fully comply with a non-constitutional requirement under Crim.R. 11(C)(2)(a). However, appellant must demonstrate he was prejudiced by this failure. *See Id.* at ¶ 17. Appellant has not contended he was prejudiced or that he would not have entered his plea, therefore, he has not met his burden under the *Dangler* test.

**{¶61}** Accordingly, appellant's third assignment of error is without merit.

**{¶62}** "[4.] The sentences imposed are contrary to law."

**{¶63}** Under his fourth assignment of error, appellant argues that his sentence is contrary to law for several reasons.

**{¶64}** First, he argues the court erred by providing statutorily required notices under R.C. 2929.19(B)(2)(c) only after announcing appellant's 12-year indefinite sentence.

16

**{¶65}** R.C. 2929.19(B)(2) provides that "[s]ubject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following: * * *[.]"

**{¶66}** In contrast, R.C. 2929.19(B)(1) provides that "[a]t the sentencing hearing, the court, before imposing sentence, shall do all of the following: * * *[.]"

**{¶67}** When the statutory language is unambiguous, we apply it as written without resorting to rules of statutory interpretation or considerations of public policy. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, 1793 N.E.3d 1169, ¶ 13. Here the legislature has used language in one provision of a statute requiring specific timing of an action in the case of Division (B)(1) and has not required specific timing of a separate action as in Division (B)(2). Appellant asks this Court to mandate pre-imposition of sentence timing language to the requirements under Division (B)(2). We will not read such a requirement into the statute.

**{¶68}** Next, appellant argues that at the sentencing hearing, the trial court incorrectly imposed a concurrent sentence on Counts Two through Ten. The trial court said that it was imposing a four-year concurrent sentence on Counts Two through Ten "all to run concurrent with Count One." Appellant says that this wording does not make clear whether the nine second-degree felony counts will run concurrent with the eight years presumptive minimum sentence or if they can additionally run concurrent with the indefinite portion of the sentence. However, the sentencing entry does clarify that Counts Two through Ten were "all to run concurrent and concurrent" with Count One. This aspect of appellant's assignment of error is without merit.

17

**{¶69}** However, the State has brought a related error to the Court's attention. The State observes that the trial court's sentencing entry only sentenced appellant to an indefinite sentence on Count One but did not indicate the remaining second-degree felony counts were also qualifying offenses with a calculated minimum term.

**{¶70}** Under the Reagan Tokes Law, a trial court imposing a prison term is required to order a minimum, definite prison term under R.C. 2929.14(A)(1)(a) or (A)(2)(a and to order a maximum, indefinite prison term determined by R.C. 2929.144(B). *State v. Johnson,* 11th Dist. Lake No. 2020-L-051, 2020-Ohio-6807 ¶ 8.

**{¶71}** Here, appellant's indefinite prison term falls within the category of R.C. 2929.144(B)(3) which provides:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

**{¶72}** In this case, the trial court sentenced appellant to eight years on Count One, therefore his maximum term would be twelve years. The sentencing entry correctly reflects this as "only one maximum term is calculated under R.C. 2929.14." *State v. Searls,* 2nd Dist. No. 28995, 2022-Ohio-858, 186 N.E.3d 328, ¶ 22.

**{¶73}** However, the court was also required to state the minimum term for each of the qualifying offense.

**{¶74}** R.C. 2929.144(C) states:

> The court imposing a prison term on an offender pursuant to division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a

18

qualifying felony of the first or second degree shall sentence the offender, as part of the sentence, to the maximum prison term determined under division (B) of this section. The court shall impose this maximum term at sentencing as part of the sentence it imposes under section 2929.14 of the Revised Code, **and shall state the minimum term it imposes under division (A)(1)(a) or (2)(a) of that section, and this maximum term, in the sentencing entry.** (Bold added).

**{¶75}** The concurrent sentences in Counts Two through Ten were also qualifying sentences. When imposing a prison sentence under the Reagan Tokes Law, the trial court must "first select, for each offense, a stated minimum term from the appropriate statutory range for either a first- or second-degree felony, unless a specific penalty applies." *Searls* at ¶ 22. Both the stated minimum term and the calculated maximum term must be included in the sentencing entry." *Id.*

**{¶76}** "[W]here the trial court is imposing prison sentences on multiple counts under the Reagan Tokes Act, the trial court's sentence for each individual count should make clear that the prison term is a stated minimum sentence, as opposed to a definite sentence." *Id.* at ¶ 33. The court in *Searls* remanded with instructions to modify the language of the sentencing entry to "clarify that the eight-year term for each of those counts is the stated minimum term of an indefinite sentence under the Reagan Tokes Act." *Id.* at ¶ 34.

**{¶77}** In this case, the trial court treated Counts Two through Ten as if they were not qualifying offenses and did not properly identify that each of the four-year sentences on Counts Two through Ten were the stated minimum term imposed pursuant to R.C. 2929.144(C).

**{¶78}** Next, appellant argues that his sentence is inconsistent with other sentences in similar cases. Appellant failed to raise this issue below. That alone precludes

19

Case No. 2022-P-0025

review. *See State v. Bell*, 2nd Dist. Greene No. 2004-CA-5, 2005-Ohio-655, ¶ 140; *State v. Roberts*, 8th Dist. Cuyahoga No. 84070, 2005-Ohio-28, ¶ 60.

**{¶79}** Appellant further argues the trial court relied on unsupported sentencing considerations and made inappropriate comments reflecting it had prematurely made up its mind about the sentencing in disregard of R.C. 2929.11 and R.C. 2929.12.

**{¶80}** He argues there was no evidence in the record to support the trial court's statement that victims are harmed "because of people like you. * * * If no one watched these, it wouldn't be done."

**{¶81}** However, under *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.2d 649, an appellate court reviewing alleged error under R.C. 2929.11 and R.C. 2929.12 no longer evaluates whether those sentences are unsupported by the record. Instead, the court "must simply analyze whether the sentencing court's findings for those sentences are contrary to law." *Id.* at ¶ 11. *Jones* held that "legal dictionaries define 'contrary to law' as 'in violation of statute or legal regulations at a given time,' e.g., Black's Law Dictionary 328 (6th Ed. 1990)." *Id.* at ¶ 34. The phrase "contrary to law" is not "equivalent" to an "appellate court's conclusions that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.* Pursuant to *Jones*, we will not weigh whether the record supported the trial court's comment.

**{¶82}** Neither will we find that the trial court made injudicious remarks and prematurely made up its mind during sentencing. Appellant, expressing remorse, said he never wanted to put himself in such a position again and the court said: "Well, you won't for quite a while." This statement came at the conclusion of appellant's statement to the court and directly before the court imposed sentence. It was not, as appellant

20

characterized a "swift, harsh, sarcastic retort," nor was it "cracking wise." By no means did the statement indicate the trial court disregarded the sentencing factors of R.C. 2929.11 and R.C. 2929.12 or that the sentence imposed was contrary to law.

{¶83} Finally, appellant argues, relying on *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*Colon I*), that an indictment that omits an essential element of an offense is void. He therefore contends he could not be sentenced for the three fourth-degree felony convictions because they were void due to their defect discussed above.

{¶84} However, *Colon I* was overruled by *State v. Horner*, 126 Ohio St.3d 466, which held that an indictment tracking the language of the criminal statute is not defective for failure to identify a mens rea where the "statute itself fails to specify a mental state." *Id.* at paragraph one of the syllabus.

{¶85} Further, as discussed in the context of trial counsel's ineffective assistance of counsel, a failure to "timely object to a defect in an indictment constitutes a waiver of the error." *Horner*, at ¶ 46 (Overruling *State v. Colon,* 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917 (*Colon II*)); Crim.R. 12(C)(2). Any claim of error in the indictment in such a case is limited to a plain-error review on appeal. *Id.*

{¶86} We have already concluded that the defect in the fourth-degree felony counts was a voidable defect in the indictment which the State could have amended "at any time." *See* Crim.R. 7(D). Appellant has failed to demonstrate any prejudice that resulted from the defect in the indictment.

{¶87} Accordingly, appellant's fourth assignment of error is without merit.

Case No. 2022-P-0025

{¶88} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed and remanded with instructions that appellant's sentence be modified to reflect that each of his second-degree felony convictions is a qualifying offense under the Reagan Tokes Act, that Count One has a stated minimum term of eight years with an indefinite sentence of four years, and that Counts Two through Ten have a stated minimum term of four years.

MARY JANE TRAPP, J.,

MATT LYNCH, J.

concur.

22