[Cite as *State v. Bukovac*, 2023-Ohio-3306.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

- vs -

PAUL D. BUKOVAC,

Defendant-Appellant.

**CASE NO. 2023-P-0007**

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2021 CR 01302

**O P I N I O N**

Decided: September 18, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Jacob T. Will*, 121 South Main Street, Suite 520, Akron, OH 44308 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Paul D. Bukovac ("Mr. Bukovac"), appeals the judgment of the Portage County Court of Common Pleas sentencing him to an aggregate prison term of 24 to 27 years following his guilty pleas to ten counts of pandering sexually oriented matter involving a minor, all second-degree felonies, and seven counts of illegal use of a minor in nudity-oriented material or performance, all fifth-degree felonies.

{¶2} Mr. Bukovac asserts one assignment of error, contending the trial court erred in ordering four of his six-year minimum prison terms to be served consecutively, resulting in an aggregate, minimum prison term of 24 years.

{¶3} After a review of the record and pertinent law, we find Mr. Bukovac's assignment of error lacks merit. Mr. Bukovac's arguments involve R.C. 2929.11 and 2929.12, which apply to the trial court's imposition of individual rather than consecutive sentences. Therefore, Mr. Bukovac fails to state a valid legal basis to challenge his consecutive sentences.

{¶4} Thus, we affirm the judgment of the Portage County Court of Common Pleas.

### Substantive and Procedural History

{¶5} In July 2021, the Kent Police Department received a report from a sheriff's office in California that a 15-year-old girl was being extorted on social media for nude photographs and videos. The investigation led to the execution of a search warrant on Mr. Bukovac's residence in Kent, Ohio. The search revealed Mr. Bukovac was in possession of media files depicting child sexual exploitation material.

{¶6} In December 2021, the Portage County Grand Jury indicted Mr. Bukovac on the following 41 felony counts: 20 counts of pandering sexually oriented matter involving a minor, all second-degree felonies, in violation of R.C. 2907.322 (counts 1 through 20); 20 counts of illegal use of a minor in nudity-oriented material or performance, all second-degree felonies, in violation of R.C. 2907.323 (counts 21 through 40); and one count of criminal tools, a fifth-degree felony, in violation of R.C. 2923.24 (count 41).

{¶7} Mr. Bukovac appeared through counsel and entered not guilty pleas. He subsequently agreed to plead guilty to 10 counts of pandering sexually oriented matter involving a minor, all second-degree felonies, in violation of R.C. 2907.322 (counts 1 through 10), and seven amended counts of illegal use of a minor in nudity-oriented

2

material or performance, all fifth-degree felonies, in violation of R.C. 2907.323 (amended counts 34 through 40). In exchange, the state agreed to dismiss the remaining counts of the indictment.

{¶8} In October 2022, the trial court held a plea hearing and engaged in a colloquy with Mr. Bukovac pursuant to Crim.R. 11. The trial court accepted Mr. Bukovac's guilty pleas and found him guilty. It set the matter for sentencing and ordered a presentence investigation.

{¶9} The state filed a sentencing memorandum describing Mr. Bukovac's conduct, which reportedly included "sextortion" activity involving multiple minor victims. Specifically, Mr. Bukovac coerced minors via social media to send nude photos or videos performing sexual acts. If the minor victims did not comply, Mr. Bukovac would threaten to expose them or hurt them and their families.

{¶10} In January 2023, the trial court held a sentencing hearing. Defense counsel and the state presented argument, and Mr. Bukovac spoke on his own behalf. Defense counsel referenced a report from Mr. Bukovac's treating psychologist and letters of support submitted by Mr. Bukovac's teachers, professors, and family. The state emphasized Mr. Bukovac's "sextortion" activity involving minor victims. Mr. Bukovac apologized for the pain he caused the victims and indicated he spent the past year obtaining professional help and being sober.

{¶11} Prior to making statutory findings and pronouncing sentence, the trial court stated, in relevant part:

{¶12} "I've been a Judge for 26 years. I've seen some outrageous cases, but none worse than yours. Can you imagine how terrorized these young children are? Can

3

you imagine that they'll ever get over this, they'll ever trust anyone again? Not only will they not trust individuals, but they probably feel bad about themselves. I'd feel horrible that they were doing these sex acts and using their siblings. I mean, it is a new level of sickness."

{¶13} The trial court sentenced Mr. Bukovac to an aggregate prison term of 24 to 27 years, a fine of $300, and costs. In particular, on counts 1 through 4, the trial court imposed minimum prison terms of six years each to be served consecutively; on counts 5 through 10, it imposed minimum prison terms of six years each to be served concurrently; and on amended counts 34 through 40, it imposed prison terms of 12 months each to be served concurrently. The trial court filed a judgment entry memorializing Mr. Bukovac's guilty pleas and sentences.

{¶14} Mr. Bukovac appealed and raises one assignment of error:

{¶15} "The trial court abused its discretion in sentencing the defendant-appellant."

**Standard of Review**

{¶16} In his sole assignment of error, Mr. Bukovac contends the trial court erred by ordering four of his six-year minimum prison terms to be served consecutively, resulting in an aggregate, minimum prison term of 24 years.

{¶17} Appellate review of consecutive sentences is governed by R.C. 2953.08(G)(2), which provides:

{¶18} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

4

Case No. 2023-P-0007

{¶19} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶20} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶21} "(b) That the sentence is otherwise contrary to law."

**Legal Requirements**

{¶22} The trial court imposed consecutive sentences pursuant to R.C. 2929.14(C)(4), which provides, in relevant part:

{¶23} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶24} "* * *

{¶25} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

5

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶26} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its finding." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

**Analysis**

{¶27} Mr. Bukovac first argues that the seriousness and recidivism factors in R.C. 2929.12 do not support the trial court's imposition of an aggregate 24-year prison sentence. Mr. Bukovac states he was only 23 years old at the time of sentencing; he had no criminal history or delinquency adjudications; he led a law-abiding life for several years prior to committing his offenses; and he showed genuine remorse. These factors, he argues, indicate he is not at risk of reoffending.

{¶28} The seriousness and recidivism factors in R.C. 2929.12 apply only to the trial court's imposition of *individual* sentences. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169, ¶ 17. By contrast, a reviewing court analyzes *consecutive* sentences for the trial court's compliance with R.C. 2929.14(C)(4). *See id.* at ¶ 18.

{¶29} Mr. Bukovac next argues there is no evidence to support the trial court's finding under R.C. 2929.14(C)(4)(b) that a single prison term would not adequately reflect

6

the seriousness of his conduct. According to Mr. Bukovac, he obtained treatment from a psychologist during the pendency of the case, and he notes that teachers, professors, friends, and family submitted letters of support.

{¶30} The focus under R.C. 2929.14(C)(4)(b) is the existence of "one or more courses of conduct" and "great or unusual harm" caused by such conduct. *See State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶ 123. By contrast, Mr. Bukovac's argument addresses the seriousness of his conduct, which involves the trial court's consideration of R.C. 2929.12(B) and (C) and its imposition of *individual* sentences.

{¶31} Finally, Mr. Bukovac argues his aggregate 24-year prison sentence does not comport with those imposed in other similar cases, which violates his rights to equal protection and due process. As an example, he cites *State v. Tornstrom*, 2023-Ohio-763, 210 N.E.3d 712 (11th Dist.), where the trial court sentenced a defendant to eight to 12 years in prison following his guilty pleas to 13 counts of pandering sexually oriented material involving a minor. *See id.* at ¶ 1, ¶ 13.

{¶32} Mr. Bukovac did not raise these constitutional issues in the trial court, nor did he present evidence regarding what a proportionate sentence might be. Therefore, he has waived the issue on appeal. *See State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31; *State v. Breeden*, 8th Dist. Cuyahoga No. 84663, 2005-Ohio-510, ¶ 81. Further, despite his reference to the federal Constitution, Mr. Bukovac's argument implicates R.C. 2929.11(B), which states, in relevant part, "[a] sentence imposed for a felony shall be * * * consistent with sentences imposed for similar crimes

7

committed by similar offenders." R.C. 2929.11, like R.C. 2929.12, applies only to the trial court's imposition of *individual* sentences. *See Gwynne* at ¶ 17.

{¶33} In sum, Mr. Bukovac fails to state a valid legal basis to challenge the trial court's imposition of consecutive sentences. Accordingly, Mr. Bukovac's sole assignment of error is without merit.

{¶34} For the foregoing reasons, the judgment the Portage County Court of Common Pleas is affirmed.


JOHN J. EKLUND, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2023-P-0007