[Cite as *State v. Shead*, **2023-Ohio-3838**.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-P-0002 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JULIANNE M. SHEAD, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00999 |

**O P I N I O N**

Decided: October 23, 2023
Judgment:  Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Brian A. Smith*, Brian A. Smith Law Firm, LLC, 123 South Miller Road, Suite 250, Fairlawn, OH 44333, and *Candace Kim-Knox*, 686 West Market Street, Akron, OH 44303 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1}    Appellant, Julianne M. Shead, appeals the judgment sentencing her to an aggregate minimum prison term of 30 years following her guilty pleas to multiple counts of aggravated vehicular homicide, aggravated vehicular assault, driving under suspension, operating a vehicle under the influence, and reckless operation.  We affirm.

{¶2}    In 2020, Shead was driving an extended cab pickup truck containing eight occupants, two of whom were seated on the laps of other passengers in the back seat, and only one of whom had secured himself in a safety belt.  Shead attempted to navigate

a curve too quickly and lost control of the truck, which struck a tree, shearing the passenger side and roof off the truck cab. Five of the passengers were ejected from the truck, three of whom died on impact. The remaining passengers suffered severe injuries. Subsequent testing determined that Shead had a blood alcohol level of .105.

{¶3} Thereafter, Shead was charged with numerous offenses relating to the crash, including multiple counts of aggravated vehicular assault and aggravated vehicular homicide. Shead initially pleaded not guilty. Thereafter, pursuant to plea negotiations, Shead entered guilty pleas to: three counts of aggravated vehicular homicide, first-degree felonies, in violation of R.C. 2903.06; four counts of aggravated vehicular assault, second-degree felonies, in violation of R.C. 2903.08; driving under suspension, a first-degree misdemeanor, in violation of R.C. 4510.14; operating a vehicle under the influence of alcohol (.08 but less .17), a first-degree misdemeanor, in violation of R.C. 4511.19; and reckless operation, a minor misdemeanor, in violation of R.C. 4511.20. The court dismissed the remaining charges on the state's motion and set the matter for sentencing.

{¶4} At sentencing, the state and Shead confirmed that they had stipulated to an agreed sentence. The court imposed the agreed sentence as follows: an indefinite sentence with a minimum term of ten years in prison on each count of aggravated vehicular homicide, to run consecutively to one another; an indefinite sentence with a minimum term of four years in prison on each count of aggravated vehicular assault, to run concurrently to one another and concurrently to the sentence on the aggravated vehicular homicide counts; and 180 days in jail on each of the counts of driving under suspension and operating a vehicle under the influence, to run concurrently to each other

2

and to the sentences imposed on the aggravated vehicular homicide and aggravated vehicular assault counts. The court waived the fine for the reckless operation charge.

{¶5} In her sole assigned error, Shead argues:

{¶6} "The trial court's sentence of Appellant in case number 2020 CR 00999 was contrary to law because R.C. 2967.271 (the "Reagan Tokes Act") is unconstitutional under the United States and Ohio Constitutions, both on its face and as applied."

{¶7} Shead's indefinite sentences were imposed pursuant to the Reagan Tokes Law. On appeal, Shead maintains that the Reagan Tokes Law is unconstitutional as applied and on its face because it violates the separation of powers, denies her due process rights, and violates her right to trial by jury.

{¶8} Initially, we note that, because the trial court adopted the agreed sentence, R.C. 2953.08(D)(1) applies. That division provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "While R.C. 2953.08(D)(1) precludes review of agreed sentences, the supreme court has held that constitutional challenges are not within the scope of R.C. 2953.08, and therefore, the statute 'does not preclude an appeal of a sentence on constitutional grounds.'" *State v. Castro*, 12th Dist. Warren No. CA2022-04-016, 2022-Ohio-4327, ¶ 12, quoting *State v. Patrick*, 164 Ohio St.3d 309, 2020-Ohio-6803, ¶ 22.

{¶9} Accordingly, although we are not precluded from reviewing Shead's constitutional challenges, Shead did not raise these challenges in the trial court, and her arguments on appeal are limited to review for plain error. *State v. Shannon*, 11th Dist.

3

Trumbull No. 2021-T-0049, 2022-Ohio-4160, ¶ 42, citing *State v. Freetage*, 11th Dist. Portage No. 2020-P-0083, 2021-Ohio-4050, ¶ 34 ("While an appellate court may hear a constitutional challenge that has not been raised below, such an issue is evaluated only for plain error."). "'When the court hears an appeal for plain error, it must presume the constitutionality of the statute at issue and will not invalidate it unless the challenger establishes that it is unconstitutional beyond a reasonable doubt.'" *Shannon* at ¶ 42, quoting *Freetage* at ¶ 34.

{¶10} With respect to the constitutionality of the Reagan Tokes Law, the Ohio Supreme Court recently decided *State v. Hacker*, Ohio Supreme Court Slip Opinion No. 2023-Ohio-2535 (July 26, 2023). The Ohio Supreme Court determined that the Reagan Tokes Law does not facially offend the separation of powers doctrine, due process, or the right to jury trial, the same facial challenges Shead advances on appeal. *Id.* at ¶ 13, 28, 34, 40.

{¶11} Although Shead also claims to present as-applied constitutional challenges, this court has held that,"as-applied challenges are not ripe until application of the Reagan Tokes Law in actuality impacts the offender causing some specific harm." *State v. Walker*, 2023-Ohio-1949, 217 N.E.3d 79, ¶ 81 (11th Dist.), citing *State v. Tornstrom*, 2023-Ohio-763, 210 N.E.3d 712, ¶ 17-19 (11th Dist.); see also *Hacker* at ¶ 39 ("[c]onstitutional challenges to the application of the [Department of Rehabilitation and Correction's] policies made under R.C. 2967.271(C) [(requiring a hearing to rebut presumption of release)] would be subject to review as as-applied challenges, should the facts of a specific case so warrant."*).*

4

Case No. 2023-P-0002

{¶12} Accordingly, Shead has failed to establish plain error in the court's application of the Reagan Tokes Law. Therefore, Shead's sole assigned error lacks merit.

{¶13} The judgment is affirmed.


MARY JANE TRAPP, J.,

MATT LYNCH, J.,

concur.

Case No. 2023-P-0002