[Cite as *State v. Enricco-Caruso*, 2024-Ohio-2770.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2024-A-0014 |
| | 2024-A-0015 |
| Plaintiff-Appellee, | 2024-A-0016 |
| | 2024-A-0017 |
| - vs - | 2024-A-0018 |
| | |
| CARA ANN ENRICCO-CARUSO, | Criminal Appeals from the |
| | Court of Common Pleas |
| Defendant-Appellant. | |
| | Trial Court Nos. 2021 CR 00184 |
| | 2019 CR 00753 |
| | 2023 CR 00562 |
| | 2023 CR 00563 |
| | 2023 CR 00564 |

**O P I N I O N**

Decided: July 22, 2024
Judgment: Affirmed

*Colleen M. O'Toole,* Ashtabula County Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Cara Ann Enricco-Caruso, appeals her sentences from the Ashtabula County Court of Common Pleas. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, (1967), and a Motion to Withdraw. In the appellate brief, counsel asserts there are no meritorious issues for appeal. After considering the

record, pursuant to *Anders*, we agree with counsel, affirm the trial court's judgments, and grant counsel's motion to withdraw.

{¶2} The Ashtabula County Grand Jury indicted Appellant in five separate cases: 2021 CR 00184, 2019 CR 00753, 2023 CR 00562, 2023 CR 00563, and 2023 CR 00564. The indictments alleged that Appellant committed various misdemeanors and felonies. In each case, Appellant pled not guilty.

{¶3} The State offered plea agreements to Appellant in each case. Pursuant to the plea agreements, if Appellant pled guilty to the charges in each case, the State would "stipulate to 4 – 6 years incarceration" to be served concurrently to the offenses in the other cases. Appellant accepted the plea agreements in each case.

{¶4} The court held separate hearings on Appellant's change of pleas to determine, in accordance with Crim.R. 11(C)(2), whether or not her pleas were made knowingly, intelligently, and voluntarily. The court accepted her guilty pleas.

{¶5} On January 5, 2024, the court held sentencing hearings for case nos. 2019 CR 00753, 2023 CR 00562, 2023 CR 00563, and 2023 CR 00564. On January 22, 2024, the court held a sentencing hearing in case no. 2021 CR 00184. The court sentenced Appellant in each case in accordance with the parties' joint stipulation.

{¶6} On April 8, 2024, counsel filed Appellant's appellate brief, pursuant to *Anders v. California*, 386 U.S. 738. Counsel represented that he had reviewed the record, found no meritorious issues upon which to base an appeal, and moved to withdraw. This court granted Appellant 30 days in which to file her own submission, if she so chose, to raise any arguments in support of the appeal. This court held counsel's request to

2

withdraw in abeyance. Appellant has not filed any brief or memorandum in support of her appeal.

{¶7} In *Anders*, the United States Supreme Court outlined the proper steps to follow in this situation: "if counsel finds his client's case to be wholly frivolous, counsel should advise the court and request permission to withdraw; . . . the request to withdraw must be accompanied by a brief referring to anything in the record that might arguably support the appeal; . . . counsel should furnish the indigent client with a copy of counsel's brief, and time must be allowed for the client to raise any points [s]he chooses." *State v. Spears*, 2014-Ohio-2695, ¶ 5 (11th Dist.), citing *Anders* at 744. The appellate court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Anders* at 744.

{¶8} Appellate counsel asserts that there are "no arguable assignments of error." Appellate counsel does, however, raise two areas for consideration. First, is whether the court complied with Crim.R. 11(C)(2) to determine whether or not Appellant entered her guilty pleas knowingly, intelligently, and voluntarily. Second, is whether the court complied with Crim.R. 32 when imposing Appellant's sentences.

{¶9} Crim.R. 11, which outlines the procedures that trial courts are to follow when accepting pleas, "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of [her] rights and the consequences of [her] plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168(1975).

{¶10} The constitutional rights the defendant must be informed of are: (1) the right to a jury trial; (2) the right to confront witnesses against him; (3) compulsory process for

obtaining witnesses in her favor; (4) the right to require the state to prove the defendant's guilt beyond a reasonable doubt at trial; and (5) the defendant cannot be compelled to testify against himself. *State v. Veney*, 2008-Ohio-5200, ¶ 19. If the trial court fails to strictly comply with these requirements, the defendant's plea is invalid. *Id.* at ¶ 31.

{¶11} "The non-constitutional rights that the defendant must be informed of are: (1) the nature of the charges; (2) the maximum penalty involved, which includes, if applicable, an advisement on post-release control; (3) if applicable, that the defendant is not eligible for probation or the imposition of community control sanctions; and (4) that after entering a guilty plea or a no contest plea, the court may proceed directly to judgment and sentencing." *State v. Haudenschild*, 2024-Ohio-407 (5th Dist.), citing Crim.R. 11(C)(2). *See also State v. Sarkozy*, 2008-Ohio-509, ¶ 19-26 (post-release control is a non-constitutional advisement).

{¶12} "When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler*, 2020-Ohio-2765 at ¶ 14. "But, when a trial court fails to fully cover other nonconstitutional aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea." *Id.*

{¶13} Crim.R. 32(A) provides that when imposing a sentence, the court shall: afford defense counsel and the prosecution an opportunity to speak; address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf; afford the victim the rights provided by law; and, in serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate.

4

**{¶14}** Crim.R. 32(B)(2) provides that after a sentence has been imposed for a serious offense, the court shall "advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed."

**{¶15}** Crim.R. 32(B)(3) provides:

If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary for an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

**{¶16}** However, a court does not commit error when it fails to advise a defendant of her appellate rights if she timely appeals. *State v. Tornstrom*, 2023-Ohio-763, ¶ 52 (11th Dist.). *See State v. Middleton*, 2005-Ohio-681, ¶ 25 (12th Dist.) (Finding no reversible error where appellant failed to show prejudice from trial court's error with regard to Crim.R. 32(B)(2) and (3)).

**{¶17}** Crim.R. 32(C) provides, in relevant part: "A judgment of conviction shall set forth the fact of conviction and the sentence . . ." and be signed by the judge.

**{¶18}** We first note that the only transcripts provided in the record before us are for case no. 2021 CR 00184. Those transcripts are for the January 3, 2024 hearing on Appellant's change of plea and the January 22, 2024 sentencing hearing. Transcripts for the hearings in the other cases have not been provided in the record on appeal. For that

5

reason, we analyze case nos. 2019 CR 00753, 2023 CR 00562, 2023 CR 00563, and 2023 CR 00564 separately from case no. 2021 CR 00184.

**Case No. 2021 CR 00184:**

{¶19} We have reviewed the transcript for Appellant's January 3, 2024 hearing on her guilty plea. A review of the record reveals that the court informed Appellant of her constitutional and statutory rights as required under Crim.R. 11(C).

{¶20} We have also reviewed the transcript for Appellant's January 22, 2024 sentencing hearing. It reveals that the court complied with the requirements under Crim.R. 32.

{¶21} We have independently reviewed the record pursuant to *Anders.* After a thorough review, we find no arguable issues necessitating the appointment of new counsel.

**Case Nos. 2019 CR 00753, 2023 CR 00562, 2023 CR 00563, 2023 CR 00564:**

{¶22} App.R. 9(A)(1) provides that "the record" on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court . . .."

{¶23} Under App.R. 10(B), the trial court's clerk has the duty to transmit the record on appeal to the appellate court. Under App.R. 9(B), the "appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." The rule also places on the appellant the duty to "ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)."

6

App.R. 10(A) requires the appellant to "comply with the provisions of App.R. 9(B) and [to] take any other action reasonably necessary to enable the clerk to assemble and transmit the record."

**{¶24}** "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Lab'ys*, 61 Ohio St. 2d 197, 199, (1980).

**{¶25}** The presumption is that the results of those proceedings are correct and binding. *See Holman v. Wiser*, 2023-Ohio-4095, ¶ 49 (11th Dist.). That presumption is rebuttable. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, *16 (2023) (Jackson, J. concurring). The record that is submitted on appeal, whatever it might contain, may be used to rebut the presumption.

**{¶26}** Appellate courts can also evaluate the legal conclusions reached by a trial court based upon the trial court's factual findings even absent a transcript. *Fifth Third Mtge. Co. v. Berman,* 2019-Ohio-1068, ¶ 16 (10th Dist.).

**{¶27}** For these four cases, the record on appeal contains judgment entries titled: "Judgment Entry of Negotiated Plea and Sentencing."

**{¶28}** Those entries each provide that Appellant "was advised of all Constitutional rights and made a knowing, intelligent, and voluntary waiver of those rights pursuant to Criminal Rule 11." They also provide that Appellant was "afforded all rights pursuant to Criminal Rule 32." A court speaks through its journal entries. *State v. Liddy*, 2022-Ohio-

7

4282, ¶ 64 (11th Dist.), citing *State v. Miller*, 2010-Ohio-5705, ¶ 12.  There is nothing in the record to rebut the presumption that the court complied with Crim.R. 11 and 32.

{¶29}  In addition to reviewing the record to determine whether the court complied with Crim.R. 11 and 32, we also conducted an independent and thorough review of the entire record before us.  Upon review, we find no arguable issues necessitating the appointment of new counsel.  The instant appeal is wholly without merit.

{¶30}  Counsel's Motion to Withdraw as counsel of record for Appellant is granted and the judgments of the Ashtabula County Court of Common Pleas are affirmed.


EUGENE A. LUCCI, P.J.,

MARY JANE TRAPP, J.,

concur.

8